[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Connecticut Light and Power Company, CT Page 345 brings this action to collect a utility bill from the defendants.
The defendant, Pioneer Fruit and Commission Company, admits its liability for the debt. In addition, the plaintiff alleges that the individual defendants, Nicholas A. Lenge and Vincent Marandola, are personally liable for the debt as principals in Pioneer Fruit.
The defendants, Lenge and Marandola, deny that they are personally liable for this debt.
The factual situation, in brief, is that the defendant corporation, Pioneer, was a wholesaler of produce and fruit operating out of premises in the State of Connecticut, Regional Market, that Pioneer owned five stalls for the operation of its business at the times relevant herein. The business of Pioneer began deteriorating during the early years of the 1980s. The assets were liquidated except for the five stalls previously mentioned. The employees were dismissed with the only person in charge of Pioneer's activities at the time this action was instituted, was the defendant, Lenge.
Although Pioneer's wholesale fruit and produce business was terminated, the processing of these items continued at the stalls of Pioneer by other wholesalers under an arrangement with the defendant Lenge for payment for such use. During this period of time the plaintiff continued to provide electrical service to the stalls.
On or about August 19, 1988, the defendant Pioneer corporation was dissolved by the State of Connecticut for failure to file a biennial report. No attempt was made to reinstate the corporation. The defendant Lenge, on January 2, 1992, organized a new corporation, The Pioneer Fruit and Commission Company with himself as president and treasurer. This corporation had the same address as did the defendant Pioneer.
The issue presented to the court is whether the defendants Nicholas A. Lenge and Vincent Marandola, or either of them, are personally liable for the debt due to the plaintiff for the electrical services provided to Pioneer after its dissolution.
The court after hearing the oral evidence at the trial, examining the documentary evidence and applying the applicable law, makes the following findings: that the defendant, CT Page 346 Nicholas A. Lenge, was the president of the defendant corporation, Pioneer Fruit and Commission Company and was its chief operating officer. That Lenge was in the process of winding up Pioneer's business affairs and had terminated its business affairs and disposed of all of its assets except for five stalls. That he continued to operate these five stalls through other wholesalers who paid a fee for the use of the premises. That Pioneer provided these wholesalers with electrical services as a part of this fee.
The court further finds that the defendant, Lenge, in winding up the corporate business affairs did in fact conclude all of the business of Pioneer prior to the dissolution of the corporation except for the disposal of five stalls and notifying the plaintiff of the defendant corporation's demise and his, Lenge's, action of winding up the corporate affairs. The defendant Lenge's purpose in not concluding the final disposition of the remaining assets was to get a price of $250,000.00 for the five stalls. That this was the valuation he placed on these stalls as a combined unit and that although he had some inquiries there were no serious prospects Lenge, in offering these stalls for sale did so only by word of mouth. He made no attempt to advertise the stalls for sale in any publication, nor to place them with a broker.
The court also finds that the defendant, Lenge, set up a new corporation of the same name with himself as president and treasurer with the purpose of protecting himself from personal exposure with regard to the five stalls. That this asset transfer of the five stalls from the old Pioneer corporation to the new Pioneer corporation implied a transfer for value since Lenge himself valued these stalls at $250,000.00. That this transfer was a financial benefit to him as the president and treasurer.
That the winding up process was unreasonably long; that there was no serious attempt by Lenge to sell the stalls; that Lenge did not notify the plaintiff, as a creditor, that the defendant corporation was dissolved, nor that he was winding up its affairs; that, Lenge was financially benefited by the services provided by the plaintiff in that the stalls as an integral operating unit had a greater financial value than if divided; and, that, these stalls with enhanced valuations were transferred to the new Pioneer corporation controlled by Lenge. CT Page 347
The court finds that the defendant, Marandola, did not participate in any corporate decisions nor did he receive any financial benefits from the services provided by the plaintiff after the dissolution of the defendant corporation.
Therefore, it is the judgment of the court that the issues of the complaint are decided for the plaintiff and against the defendant Pioneer Fruit and Commission Company, and against the defendant Nicholas A. Lenge.
Further, the court decides the issues of the complaint for the defendant, Vincent Marandola, and against the plaintiff.
Judgment may also enter for costs in favor of the plaintiff against defendants Pioneer Fruit and Commission Company and Nicholas A. Lenge.
JULIUS J. KREMSKI STATE TRIAL REFEREE